UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Casey Restad, Chapter 12

Debtor.

Case No. 25-60780

FBN Finance, LLC c/o
Compeer Financial, PCA and
Compeer Financial, FLCA
as attorney-in-fact and serving
agent for FBN Finance, LLC,

Adversary Proceeding No.: 26-06027

Plaintiff,

v.

Casey P. Restad,

Defendant.

---

**ANSWER TO COMPLAINT FILED BY FBN**

---

Comes now the Defendant Casey P. Restad and for his answers to Plaintiff's Complaint states and alleges as follows:

**PARTIES**

1. The Defendant admits to the allegation in paragraphs 1, 2, 3, of the Plaintiff's Complaint.

**JURISDICTION AND VENUE**

2. Defendant has no knowledge of the Plaintiff's intent in bringing the proceeding and cannot admit paragraph 4 of the Plaintiff's Complaint.
3. Defendant admits to the allegations in paragraphs 5, 6, and 7 of the Plaintiff's Complaint.

**GENERAL FACTUAL BACKGROUND**

4. Defendant admits the allegations in paragraphs 8 and 9.

**NOTE 6300**

5. Defendant denies the allegation set forth paragraphs 10, 11, 12, 13, and 14 of the Plaintiff's Complaint. In fact, representatives of FBN were present and were admittingly involved with the execution of the documents as the FBN representatives stated that Peter Restad had no liability on the note and the Plaintiff is put to a strict standard of proof.

**NOTE 7400**

6. Defendant restates his answer as set forth above.
7. Defendant denies the allegation contained in paragraphs 15, 16, 17, 18, 19, 20, and 21 and puts the Plaintiff to a strict standard of proof.

**COLLATERAL**

8. Defendant restates his answer as set forth above.
9. Upon information and belief, Representation of the Plaintiff desired to avoid the limitation on their lending authority to FBN and the note and the security agreement set forth above to avoid the limitation of authority and to avoid disclosing the loan terms in question. The Defendant denies the allegations contained in paragraphs 22, 23, 24, and 25 and puts the Plaintiff to a strict standard of proof.

**CASEY RESTAD FORGING OF PETER RESTADS SIGNATURE ON THE NOTES**

10. The Defendant restates his answer as set forth above.
11. The Defendant has no knowledge regarding the allegations contained in paragraph 26 but denies the alleged reliance on Peter Restad financial condition and ability to collateralize the loan. In fact, the Plaintiff's representative knew that Peter Restad was not responsible for the debt and was told that by the Plaintiff repeatedly.
12. Defendant denies the allegations contained in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, and 35.
13. The Defendant admits to the allegations contained in paragraph 36.
14. The Defendant admits the allegation in paragraph 37 as it relates to the fact the Defendant and Peter Restad have filed for relief under Chapter 12. The remainder of the allegation are denied as the Plaintiff is put to a strict standard of proof.
15. The Defendant admits the allegation in paragraph 38 that the Plaintiff is under collateralized and is not fully secured. The remainder of the allegation in paragraph 38 is

denied.

**COUNT I – EXCEPTIONS TO DISCHARGE UNDER 11 USC § 525 (a)2(A)**

16. The Defendant restates the answers above.
17. The Defendant denies the allegations in paragraphs 40, 41, and 42 and puts the Plaintiff to a strict standard of proof.

**COUNT II – EXCEPTIONS TO DISCHARGE UNDER 11 USC § 523 (a)2(B)**

18. The Defendant restates his answer as set forth above.
19. The Defendant denies the allegations contained in paragraphs 44, 45, 46, and 47 of Plaintiff's complaint and puts the Plaintiff to a strict standard of proof.

**COUNT III – EXCEPTIONS TO DISCHARGE UNDER 11 USC § 523 (a)(6)**

20. The Defendant restates his answer as set forth above.
21. The Defendant denies the allegation in paragraphs 49, 50, and 51 of the Plaintiff's Complaint and puts the Plaintiff to a strict standard of proof.

**AFFIRMATIVE DEFENSES**

22. Each Claim of Plaintiff's Amended Complaint fails to allege sufficient facts to constitute a claim upon which relief can be granted. Each claim is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).
23. Plaintiff's Claims are barred by the Statue of Frauds pursuant to Minnesota Statue Code provision.
24. The elements of fraudulent misrepresentation are not plead with specificity in the amended Complaint.
25. Plaintiff, as an admitted merchant, had a duty to engage in a reasonable investigation.
26. Debtor made no statements to Plaintiff that were false and made no statements to Plaintiff that constitute non-dischargeable fraud.
27. The Complaint fails to state a claim upon which relief may be granted.
28. One or more claims of the Complaint are barred in whole or in part by contributory negligence.
29. One or more claims of the Complaint are barred in whole or in part by assumption of the risk.

30. One or more claims of the Complaint are barred in whole or in part by laches.
31. One or more claims of the Complaint are barred in whole or in part by waiver.
32. One or more claims of the Complaint are barred in whole or in part by estoppel.
33. One or more claims of the Complaint are barred because of Bank's failure to join indispensable parties.
34. One or more claims of the Counterclaim are barred in whole or in part by the doctrine of unclean hands.

WHEREFORE, the Defendant prays that the Plaintiff's pretend cause of action be dismissed, and he be awarded his interest, costs and disbursements.

Dated this 2 day of October, 2026.

FLUEGEL, ANDERSON, MCLAUGHLIN,
& BRUTLAG, CHARTERED

/s/ David C. McLaughlin

David C. McLaughlin
Attorney for the Debtor
129 2nd Street NW
Ortonville, MN 56278
(320) 839-2549
Attorney License #127383